■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALLEN M. ANDERSON, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered March 8, 1973, upon a verdict convicting defendant of two counts of assault in the second degree. Defendant was a passenger in an automobile owned by his wife and operated by a female companion on Route 7 in Albany County, at about 3:45 A.M. on October 7, 1972, when the driver was stopped by two State Troopers and requested to produce her

license. Upon her failure to do so, defendant was arrested for permitting unlicensed operation of a vehicle. The ensuing conversation advanced to an altercation which required hospital treatment for defendant and both troopers. On October 19, 1972 defendant was indicted for two counts of assault in the second degree, and thereafter he was found guilty on both counts, and sentenced to a five-year term of imprisonment on each count, the sentences to run concurrently. Prior to trial, however, defendant challenged the jury panel (CPL 270.10) on the ground that black persons, and other distinct classes of which defendant was a member, had been systematically excluded from the panel. After a hearing, the trial court denied the challenge. Although the hearing showed certain irregularities in the system as it functioned in Albany County, there was insufficient proof of systematic exclusion of blacks and others from jury service. A witness for defendant admitted that he had no personal knowledge of systematic exclusion of potential black jurors. From an examination of this record, it is evident that defendant has failed to meet the required burden of proof in that he has not shown that a distinct attitudinal class of persons was systematically excluded or that he was prejudiced in any manner by the panel that was drawn (*People* v. *Chestnut,* 26 N Y 2d 481, 487; *People* v. *McDowell,* 35 A D 2d 611, mod. on other grounds 28 N Y 2d 373; *People* v. *Pulliam,* 28 A D 2d 786). The other grounds for reversal urged by defendant have no basis in fact or law. Judgment affirmed. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.